**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ELMER KING,

        Plaintiff,

v.                                            CASE NO.: 3:11-cv-1038-J-32JBT

HYDRO ALUMINUM NORTH
AMERICA, INC.,

        Defendant.
_____

## **ORDER**

This case is before the Court on Plaintiff's motion for remand (Doc. 8) and Defendant's response in opposition (Doc. 10). Plaintiff Elmer King urges the Court to remand this suit to the Circuit Court for the Seventh Judicial Circuit in St. Johns County, Florida, because Defendant, Hydro Aluminum North America, Inc., has not established by a preponderance of the evidence that the amount in controversy meets the requirements for federal diversity jurisdiction. The Court held a hearing on December 19, 2011, the record of which is incorporated by reference.

**Discussion**

On October 4, 2011, King filed his Complaint (Doc. 2) in state court alleging a violation of the Florida Civil Rights Act (FCRA) Chapter 760, Florida Statutes arising out of his termination and seeking awards of back pay, front pay, compensatory and punitive damages and attorney's fees. Hydro filed its Notice of Removal (Doc. 1) on October 21, 2011, arguing that the allegations in the Complaint make clear that the amount in controversy exceeds

$75,000. King filed his motion for remand shortly thereafter, maintaining that the Court would necessarily engage in impermissible speculation to find that Hydro has sufficiently shown the requisite amount in controversy.

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)." Roe v. Michelin N. Am., 613 F.3d 1058, 1060 (11th Cir. 2010). The parties do not dispute that diversity of citizenship exists. Therefore, the sole issue is whether the amount in controversy exceeds $75,000, the threshold for federal diversity jurisdiction. See 28 U.S.C. § 1332(a). The sufficiency of the amount in controversy is determined as of the time of removal. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010).

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka, 608 F.3d at 754. Indeed, though "[r]emoval statutes are construed narrowly" and "uncertainties are resolved in favor of remand," see Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994), the Court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." Pretka, 608, F.3d at 770 (citing Roe v. Michelin North America, Inc., 637 F. Supp. 2d. 995, 999 (M.D. Ala. 2009)). Therefore, if "a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with

2

reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." Id. at 754.

Hydro argues that, in determining the amount in controversy, the Court should consider back pay accrued to the projected date of trial, front pay, compensatory and punitive damages, and attorney's fees to be accrued to the date of trial. Here, King's back pay claim up to the time of removal, as established by King's recently filed response to Hydro's interrogatories, is only $8,900 (which basically includes lost salary minus unemployment compensation benefits received). Doc. 13. While it is possible that King can cobble together sufficient additional amount in controversy to meet the $75,000 threshold, the Court, applying its common sense, see Pretka, 608 F.3d at 770, finds that Hydro's effort relies too much on speculation and therefore that Hydro fails to prove by a preponderance of the evidence that there is sufficient amount in controversy.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Elmer King's Motion for Remand (Doc. 8) is **GRANTED**. This case is remanded to the Seventh Judicial Circuit in and for St. Johns County, Florida (state court Case No. CA11-1617).

2. An award of fees and costs against Defendant Hydro Aluminum North America, Inc., as the removing party, is not justified.

3. The clerk shall close this file.

**DONE and ORDERED** in Jacksonville, Florida this 5th day of January, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

kh.
Copies to:
Circuit Clerk, Seventh Judicial Circuit, St. John's County, Florida
Counsel of Record